Michael Kind, Esq.
Nevada Bar No.: 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
(702) 337-2322
(702) 329-5881 (fax)
mk@kindlaw.com

George Haines Esq.
Nevada Bar No. 9411
Gerardo Avalos Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM**
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
(702) 880-5554
(702) 385-5518 (fax)
Ghaines@freedomlegalteam.com
*Counsel for Plaintiff Ralph Stovall*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Ralph Stovall,<br><br>          Plaintiff,<br> v.<br><br>Trans Union LLC; Equifax Information Services LLC; and American Honda Finance Corporation,<br><br>        Defendants. | Case No.:<br><br>**Complaint for damages under the FCRA, 15 U.S.C. § 1681** |

**Introduction**

1. The United States Congress has found the banking system is dependent up-on fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), to ensure fair and accurate re-porting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The FCRA protects consumers through a tightly wound set of procedural protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Ralph Stovall ("Plaintiff"), by counsel, brings this action to challenge the actions of Trans Union LLC ("Trans Union"); Equifax Information Services LLC ("Equifax"); and American Honda Finance Corporation ("Honda") (jointly as "Defendants"), with regard to erroneous reports of derogatory credit information to national reporting agencies and Defendants' failure to properly investigate Plaintiff's disputes.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

7. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

8. Defendants failed to properly investigate Plaintiff's disputes, damaging Plaintiff's creditworthiness.

**Jurisdiction and Venue**

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 15 U.S.C. § 1681.

10. This action arises out of Defendants' violations of the FCRA.

11. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendants are subject to personal jurisdiction in Clark County, Nevada as they conduct business here. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2).

**Parties**

12. Plaintiff is a natural person living in Clark County, Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13. Defendants are each a corporation doing business in the State of Nevada.

14. Honda is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

15. Trans Union and Equifax regularly assemble and/or evaluate consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports. These entities are "consumer reporting agencies" as that term is defined by 15 U.S.C. §1681a(f).

16. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

### — THE TRANS UNION VIOLATIONS —
**Trans Union and Honda Misreported Consumer Information**
**and Failed to Investigate Plaintiff's Dispute**
**Re:  Account No. 3801**

17. In Plaintiff's consumer report from Trans Union dated Dec 9, 2021, Trans Union and Honda inaccurately reported Plaintiff's account with a balance of $9,124 and an account status of 90 days past due.  This was inaccurate, misleading, and derogatory because Plaintiff has never missed or been late on a payment.

18. On Feb 17, 2021, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i, by notifying Trans Union, in writing, of the inaccurate, misleading, and derogatory information.

19. Specifically, Plaintiff sent a letter, certified, return receipt, to Trans Union, requesting the above inaccurate information be updated, modified, or corrected.

20. Trans Union was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

COMPLAINT                           - 4 -

21. Upon information and belief, Trans Union timely notified Honda regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

22. Upon information and belief, Trans Union provided Honda with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

23. Upon information and belief, Trans Union provided all relevant information to Honda regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

24. On or around Apr 6, 2021, Plaintiff received notice that Trans Union and Honda investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

25. A reasonable investigation by Trans Union and Honda would have determined that they were reporting the above disputed information inaccurately.

26. Trans Union and Honda failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

27. Upon information and belief, Honda continued to report inaccurate information.

28. In turn, Trans Union re-reported the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

29. Trans Union and Honda, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

30. Due to Trans Union's and Honda's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

31. Trans Union's and Honda's continued inaccurate, misleading, and derogatory

reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

32. Also as a result of Trans Union's and Honda's continued inaccurate, misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

33. By inaccurately reporting consumer information after notice and confirmation of their errors, Trans Union and Honda failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

## — THE EQUIFAX VIOLATIONS —

### Equifax and Honda Misreported Consumer Information
### and Failed to Investigate Plaintiff's Dispute
### Re: Honda Account No. ****6696

34. In Plaintiff's consumer report from Equifax dated Dec 9, 2020, Equifax and Honda inaccurately reported Plaintiff's account with a balance of $9,124, an account status of not more than three payments past due, and an amount of $1,930 past due. This was inaccurate, misleading, and derogatory because Plaintiff has never missed or been late on a payment.

35. On Feb 17, 2021, Plaintiff disputed the inaccurate reporting pursuant to 15 U.S.C. § 1681i, by notifying Equifax, in writing, of the inaccurate, misleading, and derogatory information.

36. Specifically, Plaintiff sent a letter, certified, return receipt, to Equifax, requesting the above inaccurate information be updated, modified, or corrected.

37. Equifax was required to conduct a reinvestigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

38. Upon information and belief, Equifax timely notified Honda regarding

Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

39. Upon information and belief, Equifax provided Honda with a notice regarding Plaintiff's dispute under 15 U.S.C. § 1681i(a)(5)(A).

40. Upon information and belief, Equifax provided all relevant information to Honda regarding Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(2).

41. On or around Mar 24, 2021, Plaintiff received notice that Equifax and Honda investigated and reinvestigated Plaintiff's dispute, as required under 15 U.S.C. § 1681i(a)(6).

42. A reasonable investigation by Equifax and Honda would have determined that they were reporting the above disputed information inaccurately.

43. Equifax and Honda failed to review all relevant information provided by Plaintiff in Plaintiff's dispute, as required by and in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

44. Upon information and belief, Honda continued to report the inaccurate information.

45. In turn, Equifax re-reported the inaccurate information, thus violating its duty to follow reasonable procedures to assure maximum possible accuracy under 15 U.S.C. § 1681e(b) when preparing a consumer report.

46. Equifax and Honda, upon receipt of Plaintiff's dispute, failed to conduct an investigation or reinvestigation with respect to the disputed information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

47. Due to Equifax's and Honda's failure to reasonably investigate, they further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

48. Equifax's and Honda's continued inaccurate, misleading, and derogatory

reporting was knowing and willful, in light of their knowledge of the actual error. Plaintiff is, accordingly, eligible for statutory damages.

49. Also as a result of Equifax's and Honda's continued inaccurate, misleading, and derogatory reporting, Plaintiff has suffered actual damages, including without limitation, fear of credit denials, out-of-pocket expenses in challenging the inaccurate reporting, damage to Plaintiff's creditworthiness, and emotional distress.

50. By inaccurately reporting consumer information after notice and confirmation of their errors, Equifax and Honda failed to take the appropriate measures as required under 15 U.S.C. § 1681i and 15 U.S.C. § 1681s-2(b), respectively.

**Plaintiff's damages**

51. In addition to Plaintiff's creditworthiness being negatively impacted, Plaintiff suffered emotional distress and mental anguish as a result of Defendants' actions described herein. In addition, Plaintiff incurred out-of-pocket costs and time in attempts to dispute Defendants' actions. Plaintiff further suffered humiliation and embarrassment.

**VIOLATION OF THE FAIR CREDIT REPORTING ACT**

**15 U.S.C. § 1681**

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C § 1681, et seq.

54. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

55. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

**Prayer for relief**

56. Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- An award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1); and
- Any other relief that this Court deems just and proper.

///
///
///
///
///
///
///
///
///
///
///

**Jury Demand**

57. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 14, 2022.

                                Respectfully submitted,

                                KIND LAW

                                /s/ Michael Kind
                                Michael Kind, Esq.
                                8860 South Maryland Parkway, Suite 106
                                Las Vegas, Nevada 89123

                                FREEDOM LAW FIRM

                                /s/ George Haines.
                                George Haines, Esq.
                                Gerardo Avalos, Esq.
                                8985 S. Eastern Ave., Suite 350
                                Las Vegas, Nevada 89123
                                *Counsel for Plaintiff Ralph Stovall*